THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, VICENTE LÓPEZ PÉREZ, JUDGE, Respondent; LUIS ROMÁN DELGADO ET AL., Interveners.

No. C-66-314.    Decided May 3, 1967.

*J. F. Rodríguez Rivera, Acting Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for petitioner. *Nicolás Torres Marrero* for interveners.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The only question to be decided in this petition is whether the verified information against the interveners contains a misjoinder of offenses and of parties. In its pertinent part said information reads verbatim as follows:

"The aforementioned Luis Román Delgado, as owner and/or manager of the Reno Club, and as owner and/or manager of the hotel on the second floor of the Reno Club; Manuel Meléndez Avilés, as owner and/or manager of the hotel on the second floor of the Reno Club; Marton, Inc., and Anthony Tursi, as owners and/or managers of the Reno Club, then and there,

illegally, voluntarily, maliciously, and criminally, on or about January 23 and 24, 1965 and on San Gerónimo Street, corner of Palmeras, San Juan, P.R., violated the provision of § 287 of the Penal Code of Puerto Rico, consisting in that acting in mutual agreement and accord, the formers operated a house of ill fame on the second floor of the Reno Club used for the purpose of prostitution or lewdness and for money, Marton, Inc., Anthony Tursi, and Luis Román Delgado operated the aforementioned Reno Club for the purpose of assignation or prostitution, the aforementioned hotel being used and frequently visited by couples of opposite sex, for the purpose of having illicit carnal intercourse, resulting from assignations arranged at the Reno Club. Prostitutes went there to have sexual intercourse with strange men, who are not their husbands, and for lucrative purposes."

The Solicitor General maintains that the District Court erred in entering an order of dismissal of the information, as well as the Superior Court in affirming said order. To that effect he argues that:

". . . There is nothing in said information, nor does it expressly or impliedly insinuate that it is sought to charge the defendant with the violation of § 288 of the Penal Code. From the information it evidently appears that the Reno Club has been and is presently operated for the purpose of assignation, and that as a result thereof they indulged in prostitution on the second floor of the Reno Club, which defendants themselves operated as a hotel. The information simply states the manner in which defendants operated, the capacity in which each one acted, the place for arranging the assignations and the place where they took place, all in violation of § 287 of the Penal Code.

"The information does not charge the three defendants with having committed jointly two different offenses, as the Superior Court decided. They are specifically charged with having violated the provision of § 287 of the Penal Code, the information indicating the manner in which the defendants, acting in mutual agreement and in accord, operated a house of ill fame and lewdness, which all of them had established on the second floor of the Reno Club." (Solicitor General's Report, p. 4.)

Section 287 of the Penal Code (33 L.P.R.A. § 1175), the violation of which the interveners are charged with, provides:

"Every person who keeps a house of ill fame in Puerto Rico, resorted to for the purpose of prostitution, or lewdness, or who wilfully resides in such house, is guilty of a misdemeanor."

And § 288 of the same Code (33 L.P.R.A. § 1176), provides:

"Every person who keeps any disorderly house, or any house for the purpose of assignation or prostitution, or any house of public resort, by which the peace, comfort, or decency of the immediate neighborhood is habitually disturbed, or who keeps any inn in a disorderly manner; and every person who lets any apartment or tenement, knowing that it is to be used for the purpose of assignation or prostitution, is guilty of a misdemeanor."

A careful examination of the information and of the two sections copied above convinces us that the Solicitor General is not correct.

It is alleged in the information that Luis Román Delgado was the owner and/or manager of the "Reno Club" and of a hotel established on the second floor of said Reno Club, and that Manuel Meléndez Avilés was the owner and/or manager of said hotel; that Marton, Inc., and Anthony Tursi were the owners and/or managers of the Reno Club. Hence, it is alleged that Luis Román Delgado, Marton, Inc., and Anthony Tursi were the owners and/or managers of the Reno Club, and that the former, Luis Román Delgado, was the owner and/or manager of a hotel established on the second floor of the Reno Club, of which hotel Manuel Meléndez Avilés was also owner and/or manager.

All the defendants were charged with having violated § 287 of the Penal Code acting by mutual agreement and in accord in the following manner: Luis Román Delgado, Ma-

nuel Meléndez Avilés and Marton, Inc., operated a house of ill fame on the second floor of the Reno Club.

Anthony Tursi and Luis Román Delgado (it being alleged that the latter defendant was also owner and/or manager of the Reno Club) operated said Reno Club for the purpose of assignation or prostitution, as a result of which couples of opposite sex visited the hotel on the second floor of the Reno Club to have sexual intercourse therein.

Since the information charges all defendants with having acted in mutual agreement and in accord, all of them are accused of (1) operating a house of ill fame in the hotel situated on the second floor of the Reno Club, which constitutes a violation of § 287 of the Penal Code and (2) of operating the Reno Club for the purpose of assignation and prostitution, which constitutes, among its different modalities, a violation of § 288 of the same Code.

■ This is not, as the Solicitor General argues, an information charging the violation of a law although in different ways, *People* v. *Palacios*, 66 P.R.R. 906 (1947), nor one charging several acts which under a section of the Penal Code are punishable as one offense, *People* v. *Labrador*, 57 P.R.R. 673 (1940), nor several related acts, all of which constitute one offense only, *People* v. *Adorno*, 81 P.R.R. 504, 520 (1959), nor a series of closely related acts which lead to the commission of the principal offense, although some of these acts might separately constitute an offense, *People* v. *Echavarry et al.*, 28 P.R.R. 6 (1920). Precisely, in the *Adorno* case *supra*, we pointed out at page 523 that general tests for determining whether one or more offenses are involved or charged include (1) whether differing elements constitute the offenses in question; (2) whether the offenses require different proof; and (3) whether the words employed in the information present to common understanding the charge of a single offense.

■ In the light of these tests it is imperative to conclude that in the information filed in this case appellants are charged with the commission of the two offenses defined in §§ 287 and 288 of the Penal Code. There is no doubt that different elements constitute one and the other offense. One of the essential elements established in § 287 is that the house of ill fame is resorted to for the purpose of prostitution or lewdness. However, such element is not a part of the offense defined in § 288, where the modality charged is having established a disorderly house, or a house for the purpose of assignation or prostitution. For the same reason both offenses, in said modality of § 288, require separate evidence. The violation of § 287 is not established by evidence which only shows that defendant had established a house for the purpose of assignation or prostitution (§ 288), but it must also be established, that the house was resorted to for prostitution or lewdness.

Under the information filed against defendants, it may be proved that the hotel on the second floor of the Reno Club was frequently visited by couples of different sex to have sexual intercourse, independent of the place where the assignations were arranged, or it may prove that assignations were arranged at the Reno Club independently of the place where the couples had sexual intercourse.

On the other hand, the only indication in the information of the intention of charging defendants with the commission of only one offense is the reference therein to § 287, but the words employed in said information do not present to common understanding the charge of a single offense.

■ The information violates the provision of Rule 37 of the Rules of Criminal Procedure to the effect that two or more offenses may not be charged in the same information or complaint unless in separate count for each offense and only in case of offenses the joinder of which is permitted

by the Rule. Pursuant to the provision of Rule 64 (j) of the Rules of Criminal Procedure, the dismissal of the information was proper. Consequently, the Superior Court did not err in rendering judgment affirming the order of dismissal of the information by the District Court.

The judgment of the Superior Court will be affirmed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Rigau did not participate herein.